Mr. Charles E. Moseley, Jr., Chairman Mississippi County Election Commission Court House Blytheville, Arkansas 72315
Dear Mr. Moseley:
This is in response to your request for an opinion concerning the eligibility of a Mr. J.B. Smithey to run for public office. In reviewing your correspondence and the pleading attached thereto, it appears Mr. Smithey attempted to run for Mayor of Joiner, Arkansas in 1990. The Circuit Court of Mississippi County issued a Declaratory Judgment and Writ of Mandamus declaring him ineligible to run for public office due to a previous felony conviction for public service bribery in 1979. Mr. Smithey was declared unqualified, notwithstanding the fact that he was pardoned by the Governor in 1989. In its order, the court commands:
 [t]hat the Mississippi County Board of Election Commissioners . . . and other persons acting under their directions shall be prohibited from including the defendant, J.B. Smithey, as an eligible candidate on the election ballot for . . . 1990, or any subsequent election for any office or trust or profit in this state.
The court derived its authority from Ark. Const. art. 5, § 9 and A.C.A. § 7-5-207(b).
You indicate Mr. Smithey now wishes to run as a "write-in" candidate for the office of constable in the 1994 General Election. The question you pose is whether the court's order would require the commission to declare Mr. Smithey ineligible or whether other instruction is needed from the court.
Assuming, first of all, that Mr. Smithey has filed his intention to be a write-in candidate, as required by A.C.A. § 7-5-205
(Repl. 1993), the general rule is that the board of election commissioners may not exercise discretion or make findings of fact concerning the eligibility of a candidate; that determination may only be made by a court. State v. CraigheadCounty Bd. of Election Comm'rs, 300 Ark. 405, 779 S.W.2d 169
(1989). Here, however, you have a specific directive from the circuit court not to place Mr. Smithey's name on the ballot for "any subsequent election for any office or trust or profit in this state." The order, in the form of a Declaratory Judgment and Writ of Mandamus, is the proper method for excluding a candidate from the ballot, see 300 Ark. at 412 and 779 S.W.2d at 174, and is clearly prospective in nature. The issue then becomes whether the commission can "declare" a write-in candidate ineligible since, as you state, there is nothing to be done as far as placing or excluding Mr. Smithey's name on the ballot.
Arkansas Code Annotated § 7-5-208 (1993) governs the procedure for the balloting of candidates. Subsection (h)(3) provides:
 In all elections, except primary elections, at the bottom of each list of names for each position or office appearing on the ballot there shall be a blank line or lines, for possible write-in votes for that position or office. However, the blank line shall not appear on the ballot with respect to those offices and candidates for positions in which no person has qualified as a write-in candidate by filing his intentions to be a write-in candidate within the time prescribed in § 7-5-205.
Even if Mr. Smithey has met the requirements of § 7-5-205, it is my opinion that this section would authorize the board to omit the blank line for Mr. Smithey's write-in candidacy, assuming there are no other qualified write-in candidates for the office of constable. The court's order was clearly intended to prohibit Mr. Smithey from qualifying in any further elections, whether as a candidate on the ballot or as a write-in candidate, and this action would, in effect, exclude Mr. Smithey from the ballot and thus comply with the circuit court's order.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh